# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| RODERICK TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-093-JRG-DCP |
| | ) | |
| CHERRY LINDAMOOD, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This pro se prisoner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2]. Now before the Court are Petitioner's motions to amend his petition [Docs. 21, 24] and motion to hold his case in abeyance [Doc. 23].

**I.  PETITIONER'S MOTIONS TO AMEND**

In his first motion to amend his habeas petition, Petitioner seeks to "know if he could amend some records pertaining to" his case [Doc. 21 at 1]. However, Petitioner fails to attach or describe these records in his motion [*Id.*]. Therefore, as Petitioner fails to request relief which may be granted by the Court, Petitioner's first motion to amend [Doc. 21] is **DENIED AS MOOT**.

In Petitioner's second motion to amend his habeas petition [Doc. 24], Petitioner seeks to supplement his petition with attached correspondence relating to his claim of actual innocence [Doc. 24-1]. Federal Rule of Civil Procedure 15(a) provides that after a party has amended once as a matter of course, as here, he may only amend with the opposing party's consent or with leave of court, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 is designed to "reinforce the principle that cases 'should be tried on their merits rather than

the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 934 (6th Cir. 2004) (internal citations omitted). Respondent has not filed a response in opposition to the motion to amend, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. The Court interprets the absence of any response as a waiver of objection, and an independent basis for granting the unopposed motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waived of any opposition to the relief sought).

Based on the above, the Court finds that Petitioner's motion to amend is supported by good cause. *See* Fed. R. Civ. P. 15. Accordingly, Petitioner's motion for leave to amend his petition [Doc. 24] is **GRANTED**. If Respondent wishes, Respondent **SHALL** file their response to the supplement within **thirty (30) days** of the date of this order.

## II. PETITIONER'S MOTION TO HOLD HIS CASE IN ABEYANCE

Petitioner has also filed a motion to hold his case in abeyance [Doc. 23]. Petitioner seeks to hold his case in abeyance in order to assert a *Brady* claim in the state courts that the prosecution withheld evidence in his criminal case [*Id.* at 1-2]. Petitioner has attached to his motion several requests for records, as well as files obtained from the Knox County District Attorney's Office [Doc. 23-1].

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal habeas courts may not entertain "mixed petitions," *i.e.,* petitions that present both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, federal courts have the discretion to stay a mixed petition in order to permit a petitioner to present any unexhausted claim to the state courts, and then to return to federal court for review of all, now exhausted, claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A petitioner seeking a stay to permit exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust his state court remedies and a potentially meritorious claim. *Id.* at 277–78.

This Court dismissed Petitioner's earlier motion to hold his case in abeyance [Doc. 18], holding that "Petitioner has not raised a *Brady* claim in his amended petition and, thus, the amended petition is not a mixed petition" [Doc. 22 at 3]. Although Petitioner seeks to present a *Brady* claim to the state court in the current motion [Doc. 23], Petitioner's attempt to exhaust a new ground for relief does not render his current petition a "mixed petition." *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (holding having an independent proceeding pending in state court does not render a federal habeas petition a "mixed" petition); *Moore v. Wilson*, No. 5:07-cv-00537, 2008 WL 2556669, at *2 (N.D. Ohio June 20, 2008) ("Petitioner does not claim that he returns to state court to exhaust a claim currently before this Court . . . Therefore, this case does not trigger the *Rhines* reasoning to stay the case to permit state exhaustion of unexhausted habeas claims in a mixed petition context."). The Sixth Circuit "has clearly stated that a district court is not required to dismiss or stay 'a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings.'" *Lee v. Wilson*, No. 1:04-cv-2169, 2008 WL 1775523, at *8 (N.D. Ohio Apr. 16, 2008) (citing *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984)). Accordingly, Petitioner's motion to hold his case in abeyance [Doc. 23] is **DENIED**, as Petitioner does not set forth a *Brady* claim in his habeas petition.

### III. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion to amend his petition [Doc. 21] is **DENIED AS MOOT**;

2. Petitioner's second motion to amend his petition [Doc. 24] is **GRANTED**. If Respondent wishes, Respondent **SHALL** file their response to the supplement within **thirty (30) days** of the date of this order; and

3. Petitioner's motion to hold his case in abeyance [Doc. 23] is **DENIED**.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
